IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUELLA C. PEHLKE, individually and as Special Administrator of the Estate of FRANK PEHLKE, JR., Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| V. | ) ) ) |
| A. O. SMITH CORPORATION, et al., | ) ) |
| Defendants. | ) |

CASE NO. 1:12-CV-00596

**CBS Corporation's Response to Plaintiff's Motion to Limit
Motions *in Limine* and *Daubert* Motions to Non-Dispositive Issues**

Defendant CBS Corporation ("Westinghouse")[1] hereby responds to Plaintiff's Motion to Limit Motions *in Limine* and *Daubert* Motions to Non-Dispositive ("Motion to Limit") and respectfully requests that the Court deny Plaintiff's motion on the grounds that any Westinghouse motion *in limine* and/or *Daubert* motion related to expert testimony and other trial matters are non-dispositive and proper for consideration by this trial Court.

### INTRODUCTION

While the deadline for summary judgment and other dispositive motions has passed in the present matter, no such deadline has passed for non-dispositive pre-trial motions. By way of her Motion to Limit (Dkt. # 42), Plaintiff improperly attempts to construe routine *Daubert* motions and other motions addressing pre-trial matters as "dispositive motions." Westinghouse's anticipated motions *in limine* to bar the introduction of certain expert testimony

---

[1] CBS Corporation (a Delaware corporation f/k/a Viacom, Inc.) is a successor by merger to CBS Corporation (a Pennsylvania corporation f/k/a Westinghouse Electric Corporation).

are not "dispositive" as that term is used in the MDL scheduling order because they would have no tendency to conclude Plaintiff's claims as a matter of law. Because these *Daubert* motions cannot be considered dispositive, they are timely and this court should hear those motions in anticipation of trial.

## **ARGUMENT**

To the extent that there is a bar on any motion that would have a "case dispositive effect," as Plaintiff argues, an examination of the term "dispositive" is warranted. Specifically, Black's Law Dictionary defines "dispositive" as:

> Being a deciding factor; (of a fact or factor) bringing about a final determination. BLACK'S LAW DICTIONARY 484 (7th ed. 1999).

Any piece of evidence that is introduced may have some bearing, however miniscule, on the final determination of this case. Such a possibility does not make a motion dispositive. Although several of Westinghouse's motions *in limine* address evidence that may have some bearing on the outcome of this suit, it would be against the spirit of MDL Judge Strawbridge's Order to bar the motions because they have a "dispositive effect." (*See* Second Amended Case Management Order, Dkt. # 42, Exhibit 4.) Simply, Westinghouse seeks to introduce motions touching on routine pre-trial matters that if allowed, would not dispose of the case or any of Plaintiff's claims.

As described more fully below, a pre-trial motion to exclude expert testimony cannot be construed as a dispositive motion because 1) the MDL court has already considered and rejected the argument that a motion to exclude expert witnesses is dispositive, 2) Plaintiff's cited precedent is distinguishable from the facts of the present case, 3) precedent establishes what constitutes a "dispositive motion," which definition does not include pre-trial *Daubert* motions to exclude expert testimony, and 4) a Wisconsin appellate court has already rejected Plaintiff's

argument in an analogous and illustrative case.

### A. The MDL Court has Previously Addressed and Rejected Plaintiff's Argument.

As Plaintiff notes in her Motion to Limit (Dkt. # 42), Westinghouse previously filed, and Judge Robreno previously ruled on, a motion for summary judgment seeking legal disposition of Plaintiff's case on two grounds: first, on the grounds that Plaintiff had not satisfied the "frequency, proximity, and regularity" causation standard under Illinois law and second, on the grounds that several of Plaintiff's expert witnesses were not qualified to testify and, therefore, could provide no testimony in support of Plaintiff's case. (*See* Order denying CBS Corporation's MSJ, attached as Exhibit 8 to Dkt. # 42.)

In its ruling on Westinghouse's motion for summary judgment, the MDL court first addressed, and dismissed, Westinghouse's argument based on its objections to Plaintiff's expert testimony. The court refused to consider Westinghouse's argument regarding the qualifications of Plaintiff's experts because, the court held, issues concerning expert qualifications are <u>not dispositive</u>. Specifically, the court stated:

> As a preliminary matter, the Court addresses Defendant's objections to Plaintiff's expert evidence. **None of this evidence is outcome-determinative in the analysis regarding any of the alleged sources of Decedent's exposure**.

(*See* Doc. 42, Exhibit 8 at p. 9.) Westinghouse attempted to raise issues relating to Plaintiff's experts before the MDL court and was told that the issues raised would be more properly addressed by the trial court. If Westinghouse is now denied the opportunity to raise these issues before this Court, it will be effectively prevented from being heard on question of Plaintiff's expert's qualifications.

### B. Plaintiff's Cited Precedent is Distinguishable.

In support of her motion, Plaintiff cites to two trial court orders from the *Bushmaker* and

3

*Morris* cases. (*See* Dkt. # 42, Exhibits 10 and 11, respectively.) These cases are distinguishable, however. The *Bushmark* order cited by Plaintiff touches on an issue similar to the one at issue here, but the Case Management and Scheduling Order at issue in *Bushmaker* specifically addressed the deadline for filing of motion *in limine* "where the exclusion of evidence from that expert would be case dispositive"; whereas the language in the Scheduling Order entered in the present case speaks only of "dispositive motions (including any dispositive *in limine* claims)." (*See* Dkt. # 42, Exhibits 10 and 4, respectively.) Thus, the *Bushmaker* court's ruling that Defendant's *Daubert* motions *in limine* were not filed by the time prescribed by the scheduling order was completely in line with the language of the order requiring the parties to file those *Daubert* motions "where the exclusion of evidence form that expert would be case dispositive." There is no such specific language in the scheduling order at issue in the present case, and the word "dispositive" therein should be taken as meaning only *dispositive motions*. The MDL court here could have used language such as that used in the *Bushmaker* scheduling order, but it did not do so. Further, the *Morris* order cited by Plaintiff contains no facts from which to determine the basis of the court's ruling and does not discuss the type of motion Defendants sought to file in that matter, nor does it cite the language of the underlying case management order. One cannot tell from this order whether the cases are similar enough to be compared.

### C. Precedent Establishes What Constitutes a "Dispositive Motion."

Under the Federal Rules of Civil Procedure, "dispositive motions" are clearly defined, and that definition does not include *Daubert* motions regarding the qualifications of a party's expert witness. For example, 28 U.S.C. 636(b)(1)(A) provides:

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a

4

> criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

This list of motions, which a judge may not assign to a magistrate, has been determined to constitute a list of "dispositive motions": "Congress clearly has not chosen to categorize as 'dispositive' any ruling that resolves an issue. Rather, it is only those rulings which finally resolve a party's 'claim or defense' which are considered 'dispositive' within the meaning of § 636(b) and Fed.R.Civ.P. 72." *Vaquillas Ranch Co. v. Texaco Expl. & Prod., Inc.*, 844 F. Supp. 1156, 1160-61 (S.D. Tex. 1994), *citing Robinson v. Eng,* 148 F.R.D. 635, 640 (D.Neb.1993).

The *Vaquillas* court went on:

> Some courts have also attempted to define "dispositive" in terms of § 636(b)(1)(A). Section 636(b)(1)(A) contains a list of eight motions that a magistrate judge may not determine. The terms "dispositive" and "nondispositive" are not used in § 636 to refer to that list, but they are found in the language of Rule 72. Several courts have determined that the word "dispositive" in Rule 72(b) refers to the listing contained in § 636(b)(1)(A). [internal citations omitted].
>
> Some courts, when considering whether a particular motion is dispositive or nondispositive, have determined that it is not, at least in part because the motion in question is not listed in § 636(b)(1)(A). *Maisonville v. F2 America, Inc.,* 902 F.2d 746, 748 (9th Cir.1990). Discussing Rule 11 sanctions, the *Maisonville* court stated that ". . . any motion not listed [in § 636(b)(1)(A) ] nor analogous to a motion listed in this category, falls within the non-dispositive group of matters which a magistrate may determine." *Maisonville,* 902 F.2d at 748; *accord, Robinson,* 148 F.R.D. at 640 (Rule 11 sanctions); *City of Jackson, Mississippi v. Lakeland Lounge of Jackson, Inc.,* 147 F.R.D. 122, 124 (S.D.Miss.1993) (motion to remand) (cited with approval by *Searcy v. Knostman,* 155 B.R. 699, 702 (S.D.Miss.1993); *Banbury v. Omnitrition International, Inc.,* 818 F.Supp. 276, 279 (D.Minn.1993) (motion to remand); *Adkins,* 143 F.R.D. at 176 (Rule 11 sanctions); *Holt v. Tonawanda Coke Corporation,* 802 F.Supp. 866, 868 (W.D.N.Y.1991) (motion to remand); *McDonough,* 131 F.R.D. at 472 (motion to remand); *North New Jersey Savings & Loan Association v. Fidelity and Deposit Company of Maryland,* 125 F.R.D. 96, 98 (D.N.J.1988) (motion to remand); *Acme Electric Corporation v. Sigma Instruments, Inc.,* 121 F.R.D. 26, 28 (W.D.N.Y.1988) (motion to join nondiverse defendant); *Jacobsen v. Mintz, Levin,*

*Cohn, Ferris, Glovsky & Popeo, P.C. et al.,* 594 F.Supp. 583, 586 (D.Me.1984) (motion to amend, motion to strike, and motion to remand).

*Vaquillas Ranch Co. v. Texaco Expl. & Prod., Inc.*, 844 F. Supp. 1156, 1160-61 (S.D. Tex. 1994).

Of these dispositive motions delineated in Section 636(b)(1)(A), a *Daubert* motion addressing the qualifications of an opponent's experts is not among them. *Daubert* motions *in limine* are therefore not "dispositive motions" as that term is generally used and understood. While a motion excluding any evidence will have some effect on the outcome of a matter, dispositive motions are those motions that dispose of a case summarily as a matter of law. A *Daubert* motion does not fit this description.

### D. A Wisconsin Court has Already Rejected Plaintiff's Contention Regarding the Definition of a Dispositive Motion.

In another matter filed in Wisconsin, in which case Plaintiff's counsel in the present case was also acting as plaintiff's counsel, the plaintiff attempted to argue on appeal 1) that the defendant's motions *in limine* were not timely filed because they were not filed by the deadline for dispositive motions, and 2) that a *de novo* standard of review should be employed because these motions *in limine* were actually dispositive motions. *See Calewarts v. CR Meyer & Sons Co.*, 2015 WI App 37, 363 Wis. 2d 654, 862 N.W.2d 902 (unpublished opinion) (attached hereto as Exhibit A). The *Calewarts* court summarized plaintiff's argument:

> Second, Calewarts contends independent review is appropriate because the defendants' motions *in limine* were actually dispositive motions, which are reviewed independently. . . . We disagree. The circuit court's rulings on the motions *in limine* did not conclude that Calewarts' claims failed as a matter of law. Rather, it was the parties who stipulated "that plaintiff cannot establish a claim against any defendant based on the evidence remaining after the Court's rulings on motions *in limine*[.]" While the ultimate effect of the circuit court's decision on the motions *in limine* was to dispose of Calewarts' claims, the motions themselves were not dispositive motions. We therefore reject Calewarts' argument that we must employ the standard of review used for dispositive

6

motions.

2015 WI App 37, ¶ 36, 363 Wis. 2d 654, 862 N.W.2d 902.

The Wisconsin appellate court considered and rejected Plaintiff's argument here that the defendant's motions *in limine* were untimely because they were filed after that deadline set forth in the scheduling order for dispositive motions.

## CONCLUSION

Defendant's *Daubert* motion *in limine* are not dispositive motions and are not untimely under the existing scheduling order. Defendant requests the Court deny the Plaintiff's motion and find that Westinghouse's remaining motions are related to non-dispositive issues and, as such, timely when filed with this Court.

Dated this ___18th___ day of April, 2016.

Respectfully submitted,

**FOLEY & MANSFIELD, P.L.L.P.**

By: ___/s/ Jacob D. Sawyer___
   Jacob D. Sawyer           #6281475
   Claire C. Kossmann        #6303747
   Foley & Mansfield, P.L.L.P.
   55 W Monroe, Suite 3430
   Chicago, Illinois 60603
   (312) 254-3800
   **CBS Corporation, a Delaware corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania, f/k/a Westinghouse Electric Corporation**

## **CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record on this __18th_____ day of _____April_____, 2016.


                _____/s/ Jacob D. Sawyer _____