**UNITED STATES DISTRICT COURT FOR THE**
**Northern District of Illinois**
**Eastern Division**

| | |
|---|---|
| LUELLA PEHLKE, Individually and as Special Administrator of the Estate of FRANK PEHLKE, Deceased, <br><br>　　　　Plaintiff, <br><br>v. <br><br>CBS Corporation, <br><br>　　　　Defendant. | Case No.: 12−cv−00596 <br><br>Honorable Virginia M. Kendall |

**Reply in Support of Plaintiff's Motion to Limit *Motions in Limine* and *Daubert* Motions to Non-Dispositive**

Pursuant to this Court's order and the proceedings on the record, Plaintiff submits this reply in support of Plaintiff's motion to limit all *Motions in Limine* and *Daubert* motions to non-dispositive in the instant case. (ECF Doc # 39.)

**<u>Argument</u>**

Defendant CBS Corporation responded to Plaintiff's motion after the deadline for response set in the Court's February 10, 2016 order and did not move to extend time pursuant to Fed. R. Civ. P. 6(b)(1)(B) or make a showing of excusable neglect. Therefore, this Court should strike CBS's response (ECF Doc # 46) pursuant to L.R. 78.3 and find for Plaintiff for the reasons stated in Plaintiff's motion (ECF Doc # 42.)

In its response, CBS admits the "deadline for summary judgment and other dispositive motions has passed" and makes no argument that dispositive *Daubert* motions and *motions in*

*limine* should be considered by the Court.[1] (ECF # 46 at 1.) The Court should enter an order consistent with Plaintiff's motion to limit all *Motions in Limine* and *Daubert* motions to non-dispositive in the instant case because CBS offered no reason for not complying with a deadline set in MDL-875, which is the law of the case.

CBS's arguments are straw man arguments that should be dealt with when specific *Motions in Limine* and *Daubert* motions are filed. Plaintiff does not waive or forfeit any response to CBS's arguments. However, CBS's arguments are not relevant to Plaintiff's motion at hand and therefore no response to CBS's arguments is needed at this time. Response can be made on CBS's arguments if they are asserted in future proceedings regarding *Motions in Limine* and *Daubert* motions.

CBS concludes with its request that "the Court deny the Plaintiff's motion and find that Westinghouse's remaining motions are related to non-dispositive issues and, as such, timely when filed with this Court." (ECF # 46 at 7.) This Court should not make a determination about any motions that have yet to be filed. This Court should determine whether *Motions in Limine* and *Daubert* motions are dispositive when they are in front of the Court and should strike any *Motions in Limine* and *Daubert* motions it finds are dispositive.

## Conclusion

For the reasons in this reply and in Plaintiff's motions this Court should limit all *Motions in Limine* and *Daubert* motions to non-dispositive matters.

Dated: April 22, 2016

 /s/ Daniel B. Hausman
Attorney for Plaintiff

---

[1] CBS contested whether *Daubert* motions and *motions in limine* could be dispositive in the parties' joint proposed discovery and pretrial scheduling order, necessitating Plaintiff to file this motion. (ECF Doc #37)

Daniel B. Hausman
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
dhausman@cvlo.com

**Certificate of Service**

    I hereby certify that on April 22, 2016, I caused the forgoing to be electronically filed with the United States District Court for the Northern District of Illinois using the CM/ECF system which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.


Dated: April 22, 2016

_/s/ Daniel B. Hausman_____
Attorney for Plaintiff

Daniel B. Hausman
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
dhausman@cvlo.com