IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Luella C. Pehlke | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 596 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| A.O. Smith Corporation, et al | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons set forth below, the Court grants Plaintiff Luella Pehlke's motion to limit motions *in limine* and *Daubert* motions to non-dispositive. (Dkt. No. 42.) The parties may file both *in limine* and *Daubert* motions, but are barred from filing such motions if the effect of those motions, if granted, would be case dispositive.

**STATEMENT**

Luella Pehlke, widow and special administrator of the estate of Frank Pehlke Jr., brought this action in January 2012 against the Defendants asserting claims sounding in products liability, civil conspiracy, wrongful death, and loss of consortium stemming out of her husband's death allegedly caused by exposure to asbestos. (Dkt. No. 1.) The action was subsequently transferred to the MDL 875 in the Eastern District of Pennsylvania ("MDL court") by the Multidistrict Litigation Panel ("MDL Panel") on March 20, 2012. (Dkt. No. 15.) The MDL court issued two relevant orders regarding the filing of dispositive and non-dispositive motions. First, on July 18, 2012, Magistrate Judge David Strawbridge, who was presiding over the consolidated cases, ordered that "any party who believes that any particular case presents a *limine* issue that would have a **case dispositive effect**, must present such issue to the Court as a motion for summary judgment." (Dkt. No. 42-2 at 2 (emphasis in original).) Second, on August 2, 2012, Judge Strawbridge ordered that this case "shall be governed by the Second Amended Case Management and Scheduling Order for CVLO-7, dated April 11, 2012." (Dkt. No. 42-3.) The April 2012 Scheduling Order provided that "[a]ny dispositive motions (including any dispositive *in limine* claims) must be filed by: January 4, 2013." (*See* Dkt. No. 42-4 at 1.) The action was transferred back to this Court on April 27, 2015. (Dkt. No. 24.)

Pehlke contends that this Court, consistent with the MDL court's determinations, should limit all anticipated *in limine* and *Daubert* motions to non-dispositive issues. (Dkt. No. 42.) Defendants argue that because such motions are not dispositive motions, they do not violate the April 2012 Scheduling Order and therefore should not be barred. (Dkt. No. 46 at 1-2.) *Daubert* and *in limine* motions are not *per se* dispositive motions in that they, unlike summary judgment motions

for example, do not typically resolve a party's claim or defense in its entirety. *See, e.g., Sys. Dev. Integration, LLC v. Computer Scis. Corp.*, No. 09-CV-4008, 2012 WL 2953063, at *5 (N.D. Ill. July 19, 2012) (collecting cases); *Jones v. Graco Inc.*, No. 05-CV-2027, 2006 WL 2990431, at *2 (C.D. Ill. Oct. 19, 2006) ("In this case, Defendant has made various arguments, without factual support, that certain witnesses should not be allowed to testify. However, in reality, Defendant is seeking an order barring Plaintiffs from presenting any evidence in support of their claims and an order dismissing their case with prejudice. This court therefore concludes that Defendant has not filed a proper motion in limine and agrees with Plaintiffs that Defendant has instead essentially filed a case dispositive motion.") (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997)). Indeed, most courts treat pre-trial motions, including *Daubert* and *in limine* motions, as entirely distinct from dispositive motions. *See, e.g., Williams v. Genie Indus., Inc.*, No. 3:04-CV-217 CAN, 2006 WL 1408412, at *4 (N.D. Ind. May 19, 2006) ("It is important to note that in its August 20, 2004 scheduling order, and subsequent orders extending the various deadlines in this case, this Court set distinct deadlines for the filing of dispositive and *Daubert* motions."); *Watts v. 84 Lumber Co.*, No. 14-CV-327-SMY-DGW, 2016 WL 379628, at *2 (S.D. Ill. Jan. 29, 2016) (same); *In re Depakote*, No. 14-CV-847-NJR-SCW, 2015 WL 4775861, at *1 (S.D. Ill. Mar. 24, 2015) (same). However, *Daubert* and *in limine* motions may have the *effect* of being case dispositive. *See, e.g., Choiceparts, LLC v. GM Corp.,* No. 01 C 67, 2005 WL 6762305, at *1 (N.D. Ill. Mar. 28, 2005).

Regardless of the parties' disputes, when viewing the MDL court's rulings together, it is apparent that the MDL court required that all dispositive motions *and* all non-dispositive motions that had case dispositive effects be filed before that court as a motion for summary judgment by the January 2013 deadline. (*See* Dkt. No. 42-2 at 2; Dkt. No. 42-4 at 1.) The MDL court's later decision to forego review of the Defendants' objections to Pehlke's expert evidence was consistent with its prior rulings as the court held that the *Daubert* issues were <u>not dispositive</u> and therefore should be reviewed by <u>this Court</u>:

> "As a preliminary matter, the Court addresses Defendant's objections to Plaintiff's expert evidence. None of this evidence is outcome-determinative in the analysis regarding the alleged sources of the Decedent's exposure. Therefore the Court need not decide whether Plaintiff's expert evidence is admissible in order to decide Defendant's motion. It notes, instead, as it has routinely done in this MDL, that <u>Daubert</u> issues, unless essential to the determination of the issues raised in summary judgment, are more properly addressed by the trial court."

(Dkt. No. 42-8 at 9.) In its Suggestion of Remand, dated April 15, 2015, the MDL court noted both that it had "adjudicated all outstanding motions, including dispositive motions" and that "this case is prepared for trial without delay once on the transferor court's docket, subject to any trial-related motions <u>in limine</u> (including <u>Daubert</u> challenges)." (Dkt. No. 42-9 at 1-2.) Therefore, the unmistakable conclusion from the MDL court's orders is that the parties may file both *in limine* and *Daubert* motions before this Court, but are barred from filing such motions if the effect of those motions, if granted, would be case dispositive. This finding is consistent with the underlying purpose of the MDL proceedings. (*See, e.g.,* Dkt. No. 42-10 at 4-5 (*Bushmaker* remand court stating that the goal of MDL proceedings "would be undermined if the parties were free to wait to file a potentially case-dispositive motion until their case was remanded to the trial

court.").)  Moreover, Defendants already had an opportunity to raise any potentially case dispositive *in limine* or *Daubert* issues with the MDL court, could have sought clarification or objected to the MDL court's rulings on these issues or, at the very least, could have opposed the MDL court's "designation of this case as 'trial ready' and ripe for remand" and presented these arguments to that court at that point.  (*Id*. at 5.)  The record does not reflect that the Defendants took any of the above actions and their failure to do so belie their contentions in opposition to the present motion.

Accordingly, the Court grants Pehlke's motion to limit motions *in limine* and *Daubert* motions to non-dispositive.  (Dkt. No. 42.)  The parties may file both *in limine* and *Daubert* motions, but are barred from filing such motions if the effect of those motions, if granted, would be case dispositive.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date:  6/8/2016