UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUELLA PEHLKE, Individually and as Special Administrator of the Estate of FRANK PEHLKE, Deceased,<br><br>  Plaintiff,<br><br>v.<br><br>CBS Corporation,<br><br>  Defendant. | Case No.: 12−cv−00596<br><br>Honorable Virginia M. Kendall |

**Plaintiff's *Daubert* Motion re Portions of McMullen Testimony**

Plaintiff moves this Court to strike certain portions of the testimony of CBS expert witness Raymond McMullen under *Daubert* pursuant to this Court's scheduling order entered on February 10, 2016. (ECF Doc # 38.)

Raymond McMullen is an engineer who retired from CBS in 1992. He was originally presented as a designated witness for CBS on electrical equipment including switchgear. Plaintiff also listed Mr. McMullen as a witness in early discovery disclosures for his lay witness testimony about CBS switchgear design and other matters. On May 20, 2016, CBS made a new written "expert" disclosure for Mr. McMullen. CBS stated: "Mr. McMullen has personal knowledge of relevant facts but also is an expert based upon his specialized knowledge, training, and skill." (Ex.1 at 4.) The recent disclosure describes opinions and testimony "Mr. McMullen is expected to give." (Ex.1 at 5.) The disclosure was signed only by CBS attorney William Foote; it was not signed by Raymond McMullen.

Plaintiff challenges expert testimony McMullen is expected to give on *Daubert* grounds. Plaintiff adopts and incorporates the *Daubert* case law standards set forth in Plaintiff's May 27, 2016 Motion to Limit Costs of *Daubert* Hearing. (ECF Doc # 52 at 2-4.)

According to the disclosure, McMullen will opine that:

- identification of CBS/Westinghouse switchgear equipment "by decedent and/or his witnesses was not consistent with equipment that Westinghouse manufactured or sold;
- it "would be unusual for … someone working around decedent … to perform work on such equipment that might involve or alter asbestos-containing components;"
- "non-metallic electrical insulating component parts … were not all asbestos-containing . . .were durable and typically did not require field modification or service;" and
- "McMullen has reviewed or will review the testimony of the fact witnesses in this case as well as the exhibits and documents admitted into evidence addressing the presence, operation, use, maintenance or repair of the Westinghouse electrical equipment at the Joliet Arsenal and will address the opportunities they presented for specific work site asbestos exposures as alleged by plaintiff."

These recently disclosed opinions are improper under *Daubert* because McMullen does not rely on a valid methodology or basis.

Additionally, McMullen is not qualified to render opinions about the credibility of fact witness testimony.[1] CBS cannot usurp the function of the finder of fact by relying on the opinions of an expert witness about credibility of a lay witness.

---

[1] Opinions by expert witnesses about credibility of other witnesses are not favored. In *Goodwin v. MTD Prods.*, 232 F.3d 600, 609 (7th Cir. Wis. 2000), the Court held:

> MTD also wanted to introduce Plamper's "expert opinion" that he did not believe Goodwin when he stated he was in the operator's zone behind the lawn mower with the

Plaintiff's counsel has already advised CBS of the *Daubert* challenges to Mr. McMullen.

Relief Requested

This Court should strike and limit Raymond McMullen's testimony consistent with this motion.

Dated: July 1, 2016

_/s/ Daniel B. Hausman_____
Attorney for Plaintiff

Robert G. McCoy
Daniel B. Hausman
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
dhausman@cvlo.com

---

    discharge chute facing down when he was injured. We agree with the trial judge who properly concluded that, although defense counsel could argue to the jury that the accident occurred in a different way, MTD was not entitled to have an expert give an opinion as to the veracity of Goodwin's testimony concerning the circumstances surrounding the accident when that opinion was merely based on speculation and not on admissible scientific evidence. Any argument by MTD that Plamper was entitled to give expert opinion as to whether he believed Goodwin's testimony that he was in the operator's zone behind the mower with the discharge chute facing down is without merit because an expert cannot testify as to credibility issues. Rather, credibility questions are within the province of the trier of fact, in this case a jury. *Hasham,* 200 F.3d at 1047 ("We will not second-guess a jury on credibility issues.").

*See United States v. Benson*, 941 F.2d 598, 604 (7th Cir. 1991) ("Credibility is not a proper subject for expert testimony; the jury does not need an expert to tell it whom to believe, and the expert's 'stamp of approval' on a particular witness' testimony may unduly influence the jury."); *United States v. Vest*, 116 F.3d 1179 (7th Cir. 1997), cert. denied, 522 U.S. 1119 (1998) (deeming improper the testimony of an expert who "was in no better position than a lay person to say whether the patient testified truthfully").

3

**Certificate of Service**

      I hereby certify that on July 1, 2016, I caused the forgoing to be electronically filed with the United States District Court for the Northern District of Illinois using the CM/ECF system which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.

Dated: July 1, 2016

_/s/ Daniel B. Hausman_____
Attorney for Plaintiff

Daniel B. Hausman
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
dhausman@cvlo.com