IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUELLA C. PEHLKE, individually and as Special Administrator of the Estate of FRANK PEHLKE, JR., Deceased,<br><br>Plaintiff,<br><br>V.<br><br>A. O. SMITH CORPORATION, et al.,<br><br>Defendants. | CASE NO. 1:12-CV-00596 |

**DEFENDANT CBS CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION RE PORTIONS OF McMULLEN TESTIMONY**

NOW COMES Defendant CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation (hereinafter "Westinghouse"), by and through its attorneys, Foley & Mansfield, P.L.L.P., and submits its response in opposition to Plaintiff, Luella Pehlke's ("Plaintiff") *Daubert* Motion re Portions of McMullen Testimony and states as follows:

**INTRODUCTION**

1. Westinghouse has designated Mr. Raymond McMullen as an expert witness in this matter. Mr. McMullen, an electrical engineer, was employed by Westinghouse from 1952 to 1993, when he retired. During the course of his career he worked as a service engineer, district engineer, plant manager, and engineering services manager responsible for servicing a wide variety of Westinghouse electrical equipment, including switchgear.

2. Since his retirement from Westinghouse, Mr. McMullen has worked as an electrical engineering consultant for a number of private customers.

3. Mr. McMullen has testified as a Westinghouse corporate representative witness or "person most knowledgeable" regarding a wide variety of Westinghouse electrical products, including switchgear, in twenty cases.

4. Mr. McMullen's education, knowledge, work experience, and training make him qualified to offer opinions regarding Westinghouse switchgear in this matter and provide a basis for the validity of his opinions. Mr. McMullen will offer opinions regarding the design, manufacture, components, operation, applications, and maintenance of Westinghouse electrical equipment, as well as the location, nature, use, and/or purpose of any asbestos-containing components of such equipment. *See* Westinghouse's Amended Rule 26 Disclosure at 3-4. Additionally, Mr. McMullen will offer opinion testimony that the identification and description of Westinghouse electrical equipment, including switchgear, and the described condition, application, or service of such equipment provided by Plaintiff's witnesses was not consistent with equipment that Westinghouse manufactured or sold; that it would be unusual for Decedent, or someone working around Decedent, to drill, abrade or otherwise perform work on this equipment that might involve or alter asbestos-containing components, if any; and that non-metallic electrical insulating component parts of such equipment were a) not all asbestos-containing, b) were selected for the operating conditions of the equipment, c) were durable, and d) typically did not require field modification or services. *Id.* at 4. Finally, Mr. McMullen will address Plaintiff's proffered evidence regarding Decedent's allege specific worksite asbestos exposure. *Id.*

5. Plaintiff has failed to offer any support for her unsubstantiated claim that the Court should bar portions of Mr. McMullen's testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Mr. McMullen's background, education, and work

history demonstrate that he is highly qualified to offer opinions regarding Westinghouse switchgear in this matter. Additionally, his experience and knowledge provide a foundation for his opinions and attest to the validity of those opinions. Finally, contrary to Plaintiff's accusation, Mr. McMullen will not offer any opinion testimony that comments on the credibility of any witness in this matter; his opinions will only provide information that contradicts the testimony of other witnesses, which will allow the trier of fact to weigh the credibility of all witnesses and come to a fair conclusion. As such, Westinghouse respectfully requests that this Court deny Plaintiff's *Daubert* motion.

## FACTUAL BACKGROUND

Raymond McMullen started with Westinghouse as a co-op student after graduating from high school in 1949. McMullen Dep. at 11-12 (Jan. 5, 2012), attached as Exhibit 1. He attended a two-year degree program, and became a full-time Westinghouse employee in 1952, starting as a "junior service engineer" and progressing to service engineer. *Id.* He received a B.S. degree in electrical engineering in 1966, then became a district engineer. *Id.* In 1972, Mr. McMullen became the manager of the Westinghouse apparatus service plant in Cincinnati, Ohio, and in 1974 he became the Westinghouse district service manager, a position he held until retirement. *Id.*

As a district service manager, Mr. McMullen "had a crew of 15 engineers and 5 techs that were in the field maintaining switchgear for customers." *Id.* at 13. These engineers worked at a variety of facilities, including manufacturing plants, steel mills and commercial buildings. *Id.* at 14.

Mr. McMullen supervised Westinghouse employees who "worked as a breaker crew doing inspection of medium voltage breakers for customers." McMullen Dep. at 13 (Mar. 14,

2012), attached as Exhibit 2. He has "electrical engineering expertise as well as the experience in managing a family of engineers, 15 of them that worked in the field." *Id.* at 15. He also "managed an apparatus service plant where we repaired Westinghouse equipment." *Id.* He is able to testify about the variety of circuit breakers used in Westinghouse switchgear, including oil circuit breakers, air circuit breakers, and gas circuit breakers. *Id.* at 30.

Beginning in 2007, Mr. McMullen has testified as a Westinghouse corporate representative or "person most knowledgeable" witness regarding a wide variety of Westinghouse electrical products, including switchgear, in twenty cases. Two such cases were pending at the time in MDL No. 875, USDC ED Pa. Mr. McMullen has been examined as a corporate representative in two depositions (one in MDL 875 and one in Cook County, IL) by plaintiff's counsel, Cascino Vaughn. A complete list of Mr. McMullen's prior depositions as a Westinghouse corporate representative witness is attached as Exhibit 3.

In addition to his litigation consulting work, Mr. McMullen consults with various industrial companies regarding a variety of issues involving electrical equipment. McMullen Dep. at 6-9 (Apr. 22, 2009), attached as Exhibit 4.

## ARGUMENT

I. **MR. McMULLEN IS QUALIFIED TO OFFER OPINIONS REGARDING WESTINGHOUSE SWITCHGEAR IN THIS MATTER.**

Federal Rule of Evidence 702 states that a witness must be "qualified as an expert by knowledge, skill, experience, training, or education" in the relevant field. Fed. R. Evid. 702(a); *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). In determining the admissibility of expert opinion testimony, "a court should consider a proposed expert's full range of practical experience as well as academic or technical training when determining whether that expert is qualified to render an opinion in a given area." *Smith*, 215 F.3d at 718. As the Seventh Circuit

has opined, "[w]hile 'extensive academic and practical expertise' in an area is certainly sufficient to qualify a potential witness as an expert, 'Rule 702 specifically contemplates the admission of testimony by experts whose knowledge is based on experience.'" *Smith*, 215 F.3d at 718 (citing *Bryant v. City of Chicago*, 200 F.3d 1092, 1098 (7th Cir. 2000) and *Walker v. Soo Line R. Co.*, 208 F.3d 581, 591 (7th Cir. 2000)); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 156 (1999) ("[N]o one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience.") In fact, "[a]n expert may be qualified to render opinions based on experience alone." *Jordan v. City of Chi.*, No. 08 C 6902, 2012 WL 254243, at *3 (N.D. Ill. Jan. 27, 3012).

Here, there is no evidence, and Plaintiff does not offer any specific arguments, to demonstrate that Mr. McMullen is not qualified to render an expert opinion regarding Westinghouse switchgear in this matter. Mr. McMullen's education and work experience demonstrate that he is sufficiently qualified to provide expert opinion testimony in this matter. Mr. McMullen has a Bachelor's of Science in electrical engineering. Exhibit 1 at 11-12. Additionally, his knowledge, skill, experience, and training provides additional qualifications for rendering his opinions in this matter. Mr. McMullen worked for Westinghouse for almost 45 years. *Id.* at 10:2-10. He began as a co-op student after high school, and after obtaining his associates degree, he became a junior service engineer and was later promoted to service engineer. *Id.* at 11:12-25. He later worked in the district engineering department, and after obtaining his Bachelor's in electrical engineering, he became manager of the apparatus service plant in Cincinnati from 1972 to 1974. *Id.* at 11:25-12:16. Subsequently, he became the district electric service manager until his retirement. *Id.* at 12:16-17. In this capacity, he managed fifteen engineers who worked in the field repairing Westinghouse equipment. Exhibit 2 at 15:3-

15. He supervised and personally observed engineers and technicians maintaining switchgear for customers at industrial plants and commercial facilities. Exhibit 1 at 13:19-15:7. He received training regarding procedures for inspecting and cleaning out switchgear and breakers from manuals and through hands-on training with senior service engineers. *Id.* at 27:11-28:2. Thus, Mr. McMullen is appropriately qualified to offer the opinions discussed above regarding Westinghouse switchgear in this matter.

**II.     MR. McMULLEN'S OPINION ARE RELIABLE UNDER *DAUBERT* BASED ON HIS KNOWLEDGE, SKILL, AND EXPERIENCE.**

Mr. McMullen's background and experience also provide an adequate basis for the reliability of his expert opinions regarding Westinghouse switchgear. Plaintiff simply states in her *Daubert* motion that Mr. McMullen's "opinions are improper under *Daubert* because McMullen does not rely on a valid methodology or basis" without providing any information or any support to substantiate this bare accusation. Plaintiff's *Daubert* Motion re Portions of McMullen Testimony at 2. The decision regarding whether to admit expert testimony is within the sound discretion of the trial court, and the trial court has "wide latitude . . . in determining [] how to measure the reliability of expert testimony." *Cage v. City of Chicago*, 979 F. Supp. 2d 787, 798-99 (N.D. Ill. 2013). While Federal Rule of Evidence 702 requires that an expert's testimony be "based on sufficient facts or data" and "the product of reliable principles and methods," this Rule "specifically contemplates the admission of testimony by experts whose knowledge is based on experience." Fed. R. Evid. 702(b)-(c); *Cage*, 979 F. Supp. 2d at 802 (quoting *Walker v. Soo Line R.R. Co.*, 208 F.3d 581, 591 (7th Cir. 2000), *accord Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748. 761 (7th Cir. 2010)); *see also Jordan*, 2012 WL 254243, at *3 ("An expert may be qualified to render opinions based on experience alone"). The Advisory Committee Notes to Rule 702 specifically states

> Some types of expert testimony will not rely on anything like a scientific method . . . Nothing in this amendment is intended to suggest that **experience alone—or experience in conjunction with other knowledge, skill, training or education**—may not provide a sufficient foundation for expert testimony. To the contrary, the text of rule 702 **expressly contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony.**

Advisory Committee Notes to Fed. R. Evid. 702 (emphasis added). As such, "expert testimony is not unreliable simply because it is found on his experience rather than on data." *Cage*, 979 F. Supp. 2d at 802-03 (quoting *Metavante Corp.*, 619 F.3d at 761); *see also Peoples State Bank v. Stifel, Nicolaus & Co., Inc.*, No. 1:10-cv-1640-RLY-TAB, 2013 WL 1024917, at *5 (S.D. Ind. Mar. 14, 2013) (finding the methodology and reliable-facts-and-data factors of the *Daubert* inquiry "not very helpful" where the expert relied primarily on his twenty-five years of experience in the industry; in such cases, the "relevant reliability concerns . . . focus upon personal knowledge or experience"). For example, in *Goldberg v. 401 North Wabash Venture, LLC*, No. 09 C 6455, 2013 WL 212912 (N.D. Ill. Jan. 18, 2013), this district rejected the argument that an expert's "methodology" was not reliable because he applied personal experience and knowledge of the industry custom and practice in forming his opinions. The court stated that his opinion was "not inherently unsound because it [was] founded on his experience rather than on data." *Id.* at *5. The expert did not simply assert a "bottom line" conclusion but explained the background for his opinions based on experience in the industry. *Id.* As this district has stated, experts are permitted to rely on their professional experience to offer opinion testimony regarding generally-accepted industry standards. *Cage*, 979 F. Supp. 2d at 803; *see also WH Smith Hotel Servs., Inc. v. Wendy's Int'l, Inc.*, 25 F.3d 422, 429 (7th Cir. 1994); *Baldonado v. Wyeth*, 04 C 4312, 2012 WL 3234240, at *3-6 (N.D. Ill. Aug. 6, 2012) (denying *Daubert* motion regarding expert who offered opinion on the standard of care in the

industry where the expert "[brought] to bear her experience and training on the issue" and "repeatedly emphasized during her testimony that her opinions are not subjection, but are instead based on training and experience and having done the same process."); *Fed. Ins. Co. v. Arthur Andersen, LLP,* No. 03 C 1174, 2006 WL 6555232, at *3 (N.D. Ill. Jan. 18, 2006) ("An expert may properly testify as to the 'customs and standards of the industry.'") (internal citation omitted); *Harms v. Laboratory Corp. of America*, 155 F. Supp. 2d 891, 903-04 (N.D. Ill. 2001) (testimony about general industry standards from the expert's personal knowledge and not from observation of testing procedures related to the case "is classic expert testimony.")

Here, the fact that Mr. McMullen did not undertake any scientific testing or experiments to reach his opinions does not make his testimony unreliable under Rule 702 and *Daubert.* To the contrary, Mr. McMullen's opinions are based on his extensive knowledge and experience from his almost forty-five years with Westinghouse, as well as his education and other technical training. As mentioned above, during his career-long employment with Westinghouse, Mr. McMullen worked as an engineer in various capacities and later worked as a district electric service manager. Exhibit 1 at 11:12-12:17. In this capacity, he supervised and managed fifteen engineers who worked in the field repairing Westinghouse equipment and personally observed engineers and technicians who were maintaining switchgear for customers at industrial plants and commercial facilities. Exhibit 2 at 15:3-15; Exhibit 1 at 13:19-15:7. He received training regarding procedures for inspecting and cleaning out switchgear and breakers from manuals and through hands-on training with senior service engineers. Exhibit 1 at 27:11-28:2. This experience and training, coupled with his educational background in engineering, demonstrates that his opinions are reliably supported, as his knowledge is based on his extensive experience in the industry, as contemplated by Rule 702.

### III. MR. McMULLEN WILL NOT OFFER ANY OPINION REGARDING THE CREDIBILITY OF OTHER WITNESSES.

Further, Plaintiff incorrectly maintains that Mr. McMullen will comment on the credibility of Plaintiff's fact witnesses. Plaintiff misses the point of Mr. McMullen's testimony. Mr. McMullen will not offering any testimony that touches on the credibility of any of Plaintiff's witnesses. Mr. McMullen will not offer any testimony regarding whether he believes Plaintiff's fact witnesses. To the contrary, Mr. McMullen's testimony and opinions contains information regarding Westinghouse switchgear, specifically, the types of switchgear used in applications relevant to this case; the maintenance and service of switchgear; the components of switchgear; and the durability and potential for deterioration of such components, that contradicts the statements of Plaintiff's fact and expert witnesses. Mr. McMullen is not opining about *how* the jury should weight the facts of the case but *what* the jury should consider in making its assessment of the facts of the case. At trial, a defendant such as Westinghouse is certainly allowed to present evidence, expert or otherwise, that contradicts the plaintiff's evidence. *See U.S. v. Benson*, 941 F.2d 598, 604 (7th Cir. 1991) (cited by Plaintiff) (an expert witness may give testimony "that, if accepted will lead the jury to disbelieve a witness.") For instance, as stated in *Goodwin v. MTD Products, Inc.*, 232 F.3d 600, 609 (7th Cir. 2000), which Plaintiff cited in her *Daubert* motion, "defense counsel could argue to the jury that the accident occurred in a different way." As the Seventh Circuit has stated,

> Suppose, for example, that a defendant in a suit involving an automobile accident testifies that he was travelling 15–20 miles per hour when he entered an intersection and hit plaintiff's car. An accident reconstruction expert testifies, however, that based on his analysis of the angle of deflection, damage to the two cars, his estimate of the point of impact, the two cars' final resting positions, and other factors, that the defendant had to be travelling at least 40 miles per hour when he entered the intersection. That is useful expert testimony because it is based on specialized knowledge that is not within the average layman's ken. If the

jury accepted that testimony, it would necessarily disbelieve the defendant but that is no reason for refusing to admit the testimony.

*Benson*, 941 F.2d at 604. Thus, Mr. McMullen's testimony is not improper.

## CONCLUSION

For these reasons, Westinghouse respectfully requests that this Court deny Plaintiff's *Daubert* Motion re Portions of McMullen's Testimony and grant such further relief that this Court deems just and proper.

Respectfully submitted,

By: _____*/s/ William C. Foote*_____
William C. Foote            #6199467
wfoote@foleymansfield.com
Foley & Mansfield, PLLP
101 S. Hanley Road, Suite 600
St. Louis, MO 63105
Tel: (314) 925-5700
Fax: (314) 925-5701

Lawrence D. Wilson
LDWilson@ewhlaw.com
Evert Weathersby Houff
3455 Peachtree Road NE, Suite 1550
Atlanta, GA 30326
Tel: (678) 651-1200
Fax: (678) 651-1201

Attorneys for Defendant
**CBS Corporation, a Delaware corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania, f/k/a Westinghouse Electric Corporation**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system and is available for viewing and downloading from the CM/ECF system. The forgoing documents was served upon all counsel of record via the CM/ECF system on this 22nd day of July, 2016.

*/s/ William C. Foote*