IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUELLA C. PEHLKE, individually and as Special Administrator of the Estate of FRANK PEHLKE, JR., Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 1:12-CV-00596 |
| V. | ) ) | Honorable Virginia M. Kendall |
| A. O. SMITH CORPORATION, et al., | ) ) | |
| Defendants. | ) | |

**DEFENDANT CBS CORPORATION'S MOTION *IN LIMINE*
TO BAR EVIDENCE OF POST-SALE MANUFACTURING OF PRODUCTS**

**MOTION IN LIMINE #7**

Defendant CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse"), by and through its attorneys, Foley & Mansfield, PLLP, moves this Court for an order *in limine* barring Plaintiff from arguing that Westinghouse manufactured additional equipment that may have contained asbestos *after* its equipment was delivered to Decedent's employer(s) and/or worksites. Such information is irrelevant, prejudicial, and confusing. As such, Westinghouse seeks to bar references to the same during voir dire, opening statements, trial, and closing arguments. In support, Westinghouse states as follows:

**ARGUMENT**

Evidence that Westinghouse manufactured additional equipment that may have contained asbestos *after* its equipment was sold and/or delivered to Decedent's employer and/or work sites is irrelevant. The issue in this case is whether Westinghouse branded equipment sold and

delivered at a specific point in time caused Decedent's alleged injuries, and whether Westinghouse is legally liable to Plaintiff for damages associated with such injuries. Plaintiff alleges that Westinghouse caused injuries to Decedent because Westinghouse failed to warn of the dangers of asbestos. The proper focus here is on what was known or done at the time the particular items of equipment at issue were sold. Thus, arguments based on evidence that Westinghouse branded equipment continued to be manufactured and supplied are completely irrelevant.

For example, Plaintiff alleges that Westinghouse knew that Westinghouse branded equipment was dangerous. This theory necessarily focuses only on knowledge at the time of the sale of equipment at issue. The law is clear that any knowledge that Westinghouse may have obtained later in time is irrelevant. *See In Dillon v. U.S. Steel Corp.*, 159 Ill. App. 3d 186, 511 N.E.2d 1349 (Ill. Ct. App. 1st Dist. 1987); *see also Litton Sys., Inc. v. Am. Tel. & Tel Co.*, 700 F2d 785, 819 (2d Cir. 1983); *Julander v. Ford Motor Co.*, 488 F.2d 839, 845-46 (10th Cir. 1973). Thus, any Westinghouse branded equipment manufactured or sold after the equipment at issue in this case is irrelevant to establish knowledge of the alleged hazards or danger at the time of sale of the equipment at issue.

Similarly, evidence that Westinghouse manufactured equipment does not establish that Westinghouse had a post-sale duty to warn. *See Modelski v. Navistar Int'l Transp. Corp.*, 302 Ill. App. 3d 879, 888, 707 N.E.2d 239, 246 (Ill. Ct. App. 1st Dist. 1999); *Collins v. Hyster Co.*, 174 Ill. App. 3d 972, 977, 529 N.E.2d 303 (Ill. Ct. App. 3d Dist. 1988). Instead, arguments regarding the post-sale manufacture or distribution of Westinghouse branded equipment will do no more than impermissibly confuse the jury and prejudice Westinghouse. The jury may improperly conclude that Westinghouse had a continuing duty to warn. Similarly, the jury may

impermissibly conclude that Westinghouse knew of potential hazards of asbestos at an earlier point in time. Thus, it is completely irrelevant, prejudicial, and confusing to argue that Westinghouse branded equipment was manufactured after products were sold to Decedent's employer and/or work sites.

## CONCLUSION

Defendant CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation respectfully requests that the Court enter an order *in limine* barring Plaintiff from arguing or presenting evidence or testimony that Westinghouse manufactured additional equipment that may have contained asbestos after it sold and/or delivered equipment to Decedent's employer and/or work sites. Westinghouse seeks to bar references to the same during voir dire, opening statements, trial, and closing arguments.

Respectfully submitted,

**FOLEY & MANSFIELD, P.L.L.P**.


 */s/ William C. Foote*
William C. Foote           #6199467
wfoote@foleymansfield.com
101 S. Hanley Road, Suite 600
St. Louis, MO 63105
Tel: (314) 925-5700
Fax: (314) 925-5701

Lawrence D. Wilson
LDWilson@ewhlaw.com
William Harvard
WHarvard@ewhlaw.com
Evert Weathersby Houff
3455 Peachtree Road NE, Suite 1550
Atlanta, GA 30326
Tel: (678) 651-1200
Fax: (678) 651-1201

                                      **A**ttorneys for Defendant CBS
                                      **Corporation, a Delaware corporation,**
                                      **f/k/a Viacom Inc., successor by merger to**
                                      **CBS Corporation, a Pennsylvania**
                                      **corporation, f/k/a Westinghouse Electric**
                                      **Corporation**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system and is available for viewing and downloading from the CM/ECF system. The forgoing documents was served upon all counsel of record via the CM/ECF system on this 9th day of September, 2016.

                                              */s/ William C. Foote*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LUELLA C. PEHLKE, individually and as Special Administrator of the Estate of FRANK PEHLKE, JR., Deceased,** ) ) ) ) | | |
| Plaintiff, ) ) | **CASE NO. 1:12-CV-00596** | |
| V. ) ) | **Honorable Virginia M. Kendall** | |
| **A. O. SMITH CORPORATION, et al.,** ) ) | | |
| Defendants. ) | | |

### ORDER FOR MOTION IN LIMINE #7

THIS CAUSE coming on to be heard pursuant to the Defendant's Motion in Limine barring Plaintiff from arguing or presenting evidence or testimony that Westinghouse, its branded equipment was sold and/or delivered to Plaintiff's employer and/or work site, manufactured additional equipment that may have contained asbestos and references same during voir dire, opening statements, trial and closing arguments.

IT IS HEREBY ORDERED that Defendant's Motion is **GRANTED**.

_____, 2016
DATE:


_____
JUDGE