UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LUELLA PEHLKE, Individually and as Special Administrator of the Estate of FRANK PEHLKE, Deceased,

    Plaintiff,

v.

CBS Corporation,

    Defendant.

Case No.: 12−cv−00596

Honorable Virginia M. Kendall

**Plaintiff's Proposed Jury Instructions and Verdict Forms 9-28-16 (non-agreed)**

| | | |
|---|---|---|
| 4. | IPI 3.03 | Insurance/Benefits |
| 5. | IPI 12.04 | Concurrent Negligence Other than Defendant's |
| 6. | IPI 20.01 | Issues Made by the Pleadings – Negligence |
| 8. | IPI B 21.02 | Burden of Proof on the Issues – Negligence |
| 9. | IPI 31.10 | Damages – Survival Action (Estate of Frank Pehlke) |
| 12. | IPI 31.13 | Mortality Tables as Evidence of Damages--Wrongful Death Case |
| 13. | IPI B31.08 | Damages--Wrongful Death--Contributory Fault—Decedent [Duplicates B21.02 cannot have both] (no correspondence = n/a) |
| 14. | IPI B45.03 | Instruction on Use of Verdict Forms – Negligence Only - Single Plaintiff and Multiple Tortfeasors (modified) |
| 15. | IPI B45.03.A | Verdict Form A (Estate of Frank Pehlke) - Single Plaintiff and Claimed Multiple Torfeasors |
| 16. | IPI B45.03.A | Verdict Form A2 (Lineal next of kin) - Single Plaintiff and Claimed Multiple Torfeasors |

17.  IPI B45.03.B        Verdict Form B -Single Plaintiff and Defendant - Contributory Negligence - More than 50% (modified for multiple Plaintiffs and one defendant)

Whether a party is insured or not insured has no bearing on any issue that you must decide. You must refrain from any inference, speculation, or discussion about insurance.

If you find for the plaintiff, you shall not speculate about or consider any possible sources of benefits the plaintiff may have received or might receive. After you have returned your verdict, the court will make whatever adjustments are necessary in this regard.

Plaintiff's Proposed Instruction No. 4
IPI 3.03 Insurance/Benefits
Agreed: ____ Disputed: ____ Agreed with modifications: ____
Given: ____ Refused: ____ Given with modifications: ____
Corresponds with: _____N/A_____

More than one person may be to blame for causing an injury. If you decide that the defendant was negligent and that its negligence was a proximate cause of injury to the plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame.

Plaintiff's Proposed Instruction No. 5
IPI 12.04 Concurrent Negligence Other Than Defendant's
Agreed: ____ Disputed: ____ Agreed with modifications: ____
Given: ____ Refused: ____ Given with modifications: ____
Corresponds with: _____CBS #38_____

Separate claims are filed by the Estate of Frank Pehlke and the widow and children of Frnak Pehlke. Plaintiffs claim that they was injured and sustained damage, and that the defendant acted or failed to act in one or more of the following respects, when the defendant knew or should have known about the health risks of asbestos during his alleged exposures to asbestos at the Joliet Arsenal.

First, failing to adequately warn Frank Pehlke, his coworkers, or his employers of the health hazards of asbestos;

Second, failing to adequately investigate or test for the health effects of the asbestos-containing products or equipment;

Third, failing to adequately instruct Frank Pehlke, his coworkers, or his employers, about precautionary measures necessary to prevent asbestos exposures;

Fourth, failing to exercise reasonable care in designing, manufacturing, or supplying unsafe asbestos-containing products or asbestos-containing equipment instead of substitute materials; or

Fifth, failing to safely direct work over which the defendant retained some control of the safety of the work.

Plaintiffs further claim that one or more of the foregoing was a proximate cause of their injuries.

[Defendant's statement to be added]

Plaintiff's Proposed Instruction No. 6
IPI 20.01 Issues Made By The Pleadings–Negligence–One Or More Defendants
Agreed: ____ Disputed: ____ Agreed with modifications: ____
Given: ____ Refused: ____ Given with modifications: ____
Corresponds with: _____N/A_____

Plaintiffs have the burden of proving each of the following propositions:

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiffs as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent;

Second, that the plaintiffs were injured;

Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiffs.

If you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict shall be for the defendant. On the other hand, if you find from your consideration of all the evidence that each of these propositions has been proved, then you must consider the defendant's claim that the plaintiffs were contributorily negligent.

As to that claim, the defendant has the burden of proving both of the following propositions:

A: That the plaintiffs acted or failed to act in one of the ways claimed by the defendant as stated to you in these instructions and that in so acting, or failing to act, the plaintiffs were negligent;

B: That the plaintiffs' negligence was a proximate cause of their injury;

If you find from your consideration of all the evidence that the plaintiffs have proved all the propositions required of the plaintiffs and that the defendant has not proved both of the propositions required of the defendant, then your verdict shall be for the plaintiffs and you shall not reduce plaintiffs' damages.

If you find from your consideration of all the evidence that the defendant has proved both of the propositions required of the defendant, and if you find that the plaintiffs' contributory negligence was more than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict shall be for the defendant.

If you find from your consideration of all the evidence that the plaintiffs have proved all the propositions required of the plaintiffs and that the defendant has proved both of the propositions required of the defendant, and if you find that the plaintiffs' contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then your verdict shall be for the plaintiffs and you shall reduce the plaintiffs' damages in the manner stated to you in these instructions.

Plaintiff's Proposed Instruction No. 8
IPI B 21.02 Burden of Proof on the Issues--Negligence— One Plaintiff and One Defendant—Contributory Negligence an Issue
Agreed: ____ Disputed: ____ Agreed with modifications: ____
Given: ____ Refused: ____ Given with modifications: ____
Corresponds with: ____CBS # 30_____

If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate the estate of Frank Pehlke for any of the following elements of damages proved by the evidence to have resulted from the negligence of the defendants, taking into consideration the nature, extent and duration of the injury.

Loss of a normal life experienced

Shortened life expectancy.

Pain and suffering experienced as a result of the injuries.

Emotional distress experienced.

Reasonable expense of necessary medical care, treatment, and services received.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Plaintiff's Proposed Instruction No. 9
IPI 31.10 Damages –Survival Action (Estate of Frank Pehlke)
Agreed: ____ Disputed: ____ Agreed with modifications: ____
Given: ____ Refused: ____ Given with modifications: ____
Corresponds with:  ____CBS #49_____

If you find for the plaintiffs, then in assessing damages on the claim by Luella Pehlke you may consider how long Luella Pehlke will be likely to sustain pecuniary losses as a result of Frank Pehlke's death, considering how long Frank Pehlke was likely to have lived and how long Luella Pehlke is likely to live.

According to a table of mortality in evidence, the life expectancy of a female person aged 74 years is 13.5 years. These figures are not conclusive. They are the average life expectancies of persons who have reached those ages. They may be considered by you in connection with other evidence relating to the probable life expectancies of the decedent and his widow including evidence of the decedent's occupation, health, habits and activities, bearing in mind that some persons live longer and some persons live less than the average.

In calculating the amount of these pecuniary losses consisting of money, benefits, goods or services, you must determine their present cash value. "Present cash value" means the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those pecuniary losses at the times in the future when they will be sustained.

Damages for loss of society are not reduced to present cash value.

Plaintiff's Proposed Instruction No. 12
IPI 31.13 Mortality Tables as Evidence of Damages--Wrongful Death Case
Agreed: ____ Disputed: ____ Agreed with modifications: ____
Given: ____ Refused: ____ Given with modifications: ____
Corresponds with: _____CBS # 48_____

      If you find that decedent contributed to the total proximate cause of the death of the decedent you shall determine the percentage of contributory negligence of decedent.

      If you find that the contributory negligence of the decedent was more than 50% of the total proximate cause of the death of the decedent, then you shall enter a verdict in favor of the defendant(s). If you find that the contributory negligence of the decedent was 50% or less of the total proximate cause of the death of the decedent, then your verdict should be for the plaintiff and you will reduce damages in the manner stated in the instructions.

Plaintiff's Proposed Instruction No. 13
IPI B31.08 Damages--Wrongful Death--Contributory Fault--Decedent
Agreed: ____ Disputed: ____ Agreed with modifications: ____
Given: ____ Refused: ____ Given with modifications: ____
Corresponds with: _____N/A_____

When you retire to the jury room you will first select a foreperson. He or she will preside during your deliberations.

Your verdicts must be unanimous.

Forms of verdicts for each claim are supplied with these instructions. After you have reached your verdicts, fill in and sign the appropriate forms and return them to the court. Your verdicts must be signed by each of you. You should not write or mark upon this or any of the other instructions given to you by the court.

The parties in this case are

Plaintiffs: The Estate of Frank Pehlke and the lineal next of kin - Luella Pehlke, LuAnn Jones, Lynette Roberts, Ronald Pehlke, Roger Pehlke, Laurene Adlington, Larissa Leiker, and Lenora Pehlke.

Defendant: CBS Corporation as successor to Westinghouse Corporation

If you find for the Estate of Frank Pehlke and against CBS/Westinghouse and if you further find that the Estate of Frank Pehlke was not contributorily negligent, then you should use Verdict Form A, writing in "0%" on Line "(a)" of Paragraph "Second" of Verdict Form A.

If you find for Luella Pehlke and/or other lineal next of kin and against CBS/Westinghouse and if you further find that Frank Pehlke was not contributorily negligent, then you should use Verdict Form A2, writing in "0%" on Line "(a)" of Paragraph "Second" of Verdict Form A2.

If you find for the Estate of Frank Pehlke and against CBS/Westinghouse and if you further find that the Estate of Frank Pehlke's injury was proximately caused by a combination of the negligence of CBS/Westinghouse and Frank Pehlke's contributory negligence, and that Frank Pehlke's contributory negligence was 50% or less of total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form A, writing in the percentage of the Frank Pehlke's contributory negligence on Line "(a)" of Paragraph "Second" of Verdict Form A.

If you find for Luella Pehlke and other lineal next of kin and against CBS/Westinghouse and if you further find that lineal next of kin's injury was proximately caused by a combination of the negligence of CBS/Westinghouse and Frank Pehlke's contributory negligence, and that Frank Pehlke's contributory negligence was 50% or less of total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form A2, writing in the percentage of the plaintiff's contributory negligence on Line "(a)" of Paragraph "Second" of Verdict Form A2.

If you find in favor of defendant as to liability for negligence or that Frank Pehlke's contributory negligence was more than 50% of the total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form B.

Plaintiffs' Instruction No. 14
IPI B45.03 Instruction on Use of Verdict Forms  Negligence Only--Single Plaintiff and Multiple Claimed Tortfeasors – comparative negligence and verdict forms B45.03.A and B (Modified)
Agreed: ____ Disputed: ____ Agreed with modifications: ____
Given: ____ Refused: ____ Given with modifications: ____
Corresponds with:  ___CBS_# 53_____

VERDICT FORM A

We, the jury, find for the Estate of Frank Pehlke and against CBS/Westinghouse and further find the following:

First: Without taking into consideration the question of reduction of damages due to the negligence of Frank Pehlke or the legal responsibility of other entities, we find that the total amount of damages suffered by the Estate of Frank Pehlke as a proximate result of the occurrence in question is $_____

itemized as follows:

The loss of a normal life experienced: $_____

Shortened life expectancy: $_____

The pain and suffering experienced as a result of the injuries: $_____

The emotional distress experienced: $_____

The reasonable expense of necessary medical care, treatment, and services received: $_____

PLAINTIFF'S TOTAL DAMAGES: $_____

Second: Assuming that 100% represents the total combined legal responsibility of all entities that proximately caused the Estate of Frank Pehlke's injury, we find the percentage of legal responsibility attributable to each as follows:

a) Frank Pehlke _____%

b) CBS/Westinghouse _____%

c) Other _____%

Third: After reducing plaintiff's total damages from paragraph First by the percentage of negligence attributable, if any, of Frank Pehlke in paragraph Second, we award the Estate of Frank Pehlke recoverable damages in the amount of $_____ .

_____     _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

Plaintiffs' Proposed Instruction No. 15
IPI B45.03.A Verdict Form A (The Estate of Frank Pehlke) - Single Plaintiff claimed multiple tortfeasors
Agreed: \_\_\_\_ Disputed: \_\_\_\_ Agreed with modifications: \_\_\_\_
Given: \_\_\_\_ Refused: \_\_\_\_ Given with modifications: \_\_\_\_
Corresponds with:  \_\_\_\_CBS\_# 53_____

VERDICT FORM A2

We, the jury, find for Luella Pehlke and the children of Frank Pehlke (lineal next of kin) and against CBS/Westinghouse and further find the following:

First: Without taking into consideration the question of reduction of damages due to the negligence of Frank Pehlke or legal responsibility of other entities, we find that the total amount of damages suffered by Frank Pehlke as a proximate result of the occurrence in question is $_____

itemized as follows:

| | |
|---|---|
| Luella Pehlke - Loss of society: | $_____ |
| Loss of money, benefits, and services: | $_____ |
| LuAnn Jones - Loss of society: | $_____ |
| Lynette Roberts - Loss of society: | $_____ |
| Ronald Pehlke - Loss of society: | $_____ |
| Roger Pehlke - Loss of society: | $_____ |
| Laurene Adlington - Loss of society: | $_____ |
| Larissa Leiker - Loss of society: | $_____ |
| Lenora Pehlke - Loss of society: | $_____ |
| LINEAL HEIRS' TOTAL DAMAGES: | $_____ |

Second: Assuming that 100% represents the total combined legal responsibility of all entities that proximately caused injury to the lineal next of kin, we find the percentage of legal responsibility attributable to each as follows:

a) Frank Pehlke      _____%

b) CBS/Westinghouse      _____%

c) Other      _____%

Third: After reducing plaintiff's total damages from paragraph First by the percentage of negligence attributable, if any, of the lineal next of kin in paragraph Second, we award the lineal next of kin recoverable damages in the amount of $_____ .

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

Plaintiffs' Proposed Instruction No. 16
I.P.I. B45.03.A   Verdict Form A2 (Lineal next of kin) - Single Plaintiff claimed multiple tortfeasors
Agreed: \_\_\_\_ Disputed: \_\_\_\_ Agreed with modifications: \_\_\_\_
Given: \_\_\_\_ Refused: \_\_\_\_ Given with modifications: \_\_\_\_
Corresponds with:   \_\_\_CBS  # 53_____

VERDICT FORM B

We, the jury, find for the defendant CBS/Westinghouse and against the plaintiffs.

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

Plaintiffs  Proposed Instruction No. 17
IPI B45.03.B  Verdict Form B  Single Plaintiff and Defendant - Contributory Negligence - More than 50% (modified for multiple Plaintiffs and one defendant)
Agreed: \_\_\_\_ Disputed: \_\_\_\_ Agreed with modifications: \_\_\_\_
Given: \_\_\_\_ Refused: \_\_\_\_ Given with modifications: \_\_\_
Corresponds with:  \_\_\_CBS  # 53_____

Dated: September 28, 2016

\_/s/ Daniel B. Hausman_____

Attorneys for Plaintiff

Daniel B. Hausman
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
dhausman@cvlo.com

**Certificate of Service**

I hereby certify that on September 28, 2016, I caused the forgoing to be electronically filed with the United States District Court for the Northern District of Illinois using the CM/ECF system which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.

Dated: September 28, 2016

  /s/ Daniel B. Hausman_____

Attorney for Plaintiff

Daniel B. Hausman
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
dhausman@cvlo.com