**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LUELLA C. PEHLKE, Individually and as Special Administrator of the Estate of FRANK PEHLKE, JR., Deceased,     ) ) ) ) | |
| Plaintiff,     ) ) | |
| v.     ) ) | Case No. 1:12-cv-00596 |
| CBS CORPORATION, et al.,     ) ) | |
| Defendants. | |

---

**CBS CORPORATION'S REVISED NON-AGREED
PROPOSED JURY INSTRUCTIONS**

Index to CBS Corporation's Proposed Jury Instructions

| | | |
|---|---|---|
| 2 | 7th Cir. Civil Instructions 2.02 (previously submitted as Ill. Patt. Instr. 1.02) | In-Trial Instructions on News Coverage |
| 3 | Non-Pattern | Before Trial – Social Media |
| 10 | Non-Ill. Patt. Instr. | Corporate Documents |
| 23 | Ill. Patt. Instr. 2.04 | Limiting Instructions—Expert Testifies to Matters Not Admitted in Evidence |
| 30 | Ill. Patt. Instr. B21.03 (modified) | Burden of Proof on the Issues-Affirmative Defenses |
| 31 | Non- Ill. Patt. Instr. | Burden of Proof on the Issues—Asbestos |
| 35 | Non-Ill. Patt. Instr. | Proximate Cause |
| 36 | Non-Ill. Patt. Instr. | Proximate Cause—Warning |
| 37 | Non-Ill. Patt. Instr. | Sophisticated Purchaser |
| 38 | Ill. Patt. Instr. 12.04 (modified) | Concurrent Negligence Other than Defendant's |
| 39 | Non-Ill. Patt. Instr. | Substantial Factor |

| 40 | Non-Ill. Patt. Instr. | Substantial Factor |
|---|---|---|
| 41 | Non-Ill. Patt. Instr. | Substantial Factor—Considerations |
| 42 | Ill. Patt. Instr. 11.01 | Contributory Negligence—Adult—Definition |
| 43 | 7th Cir. Civil Instructions 1.31 (previously submitted as Ill. Patt. Instr. 36.01) | No Need to Consider Damages Instruction |
| 48 | Ill. Patt. Instr. 31.12 | Wrongful Death Case—Discount for Future Damages |
| 49 | Ill. Patt. Instr. 31.10 | Damages—Survival Action |
| 50 | Ill. Patt. Instr. 32.01, 32.02, 32.03, 32.04 | Measure of Damages—Injury to Spouse or Family Member |
| 51 | Ill. Patt. Instr. 34.01 | Damages Arising in the Future—Extent and Amount |
| 52 | Ill. Patt. Instr. 34.02 | Damages Arising in the Future—Discount to Present Cash Value |
| 53 | Ill. Patt. Instr. B45.01 (modified) | Instructions on Use of Verdict Forms—Negligence Only—Single Plaintiff and Defendant |
|  | Ill. Patt. Instr. B45.04A | Verdict Form A |
|  | Ill. Patt. Instr. B45.04B | Verdict Form B |
|  | Ill. Patt. Instr. B45.01C | Verdict Form C |
| 56 | Non-Pattern | Social Media – At Close of the Case |

Defendant reserves the right to submit additional instructions.

Respectfully submitted,

**FOLEY & MANSFIELD, P.L.L.P**.


_____*/s/ William C. Foote*_____
William C. Foote          #6199467
wfoote@foleymansfield.com
101 S. Hanley Road, Suite 600
St. Louis, MO 63105
Tel: (314) 925-5700
Fax: (314) 925-5701

Lawrence D. Wilson
LDWilson@ewhlaw.com
William Harvard
WHarvard@ewhlaw.com
Evert Weathersby Houff
3455 Peachtree Road NE, Suite 1550
Atlanta, GA 30326
Tel: (678) 651-1200
Fax: (678) 651-1201

**Attorneys for Defendant CBS
Corporation, a Delaware corporation,
f/k/a Viacom Inc., successor by merger to
CBS Corporation, a Pennsylvania
corporation, f/k/a Westinghouse Electric
Corporation**

**INSTRUCTION NO. \_\_\_**

**In-Trial Instruction on News Coverage**

I understand that reports about this trial [or about this incident] are appearing in the newspapers and [or] on radio and television [and the internet]. The reporters may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read anything or listen to anything or watch anything with regard to this trial. It would be a violation of your oath as jurors to decide this case on anything other than the evidence presented at trial and your common sense. You must decide the case solely and exclusively on the evidence that will be received here in court.

Defendant's Proposed Instruction No. 2

Authority: 7th Cir. Civil Instructions 2.02 (previously submitted as Ill. Patt. Instr. 1.02)

Corresponds with Plaintiff's Instruction: n/a

Agreed: \_\_\_\_\_ Not Agreed: \_\_\_\_\_ Agreed with modifications: \_\_\_\_\_

Given_____ Refused_____

**INSTRUCTION NO. ___**

**Social Media – Before Trial**

     I know that many of you use cell phones, [smartphones], [iPhones], Blackberries, the internet and other tools of technology. You [] must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, [Instagram] and YouTube. [This includes posting or sharing anything about the case or trial to social media].

Defendant's Proposed Instruction No. 3

<u>Authority:</u> Non-pattern. *See* Committee on Court Administration and Case Management of the Judicial Conference of the United States, Memorandum: Juror Use of Electronic Communication Technologies (2010). [modifications indicated in brackets].

Corresponds with Plaintiff's Instruction: n/a

Agreed: _____  Not Agreed: _____  Agreed with modifications: _____

Given_____  Refused_____

**INSTRUCTION NO. __**

**Corporate Documents**

The corporate documents introduced into evidence are authentic and are entitled to the same consideration as any other evidence.

Defendant's Proposed Instruction No. 10

<u>Authority:</u> Non-Ill. Patt. Instr. (Approved in *Hefner v. Owens-Corning Fiberglas*)

Corresponds with Plaintiff's Instruction: n/a

Agreed: _____ Not Agreed: _____ Agreed with modifications: _____

Given_____ Refused_____

**INSTRUCTION NO. ___**

**Limiting Instructions—Expert Testifies to Matters Not Admitted in Evidence**

I am allowing the witness to testify in part to [books] [records] [articles] [statements] that have not been admitted in evidence. The testimony is allowed for a limited purpose. It is allowed so that the witness may tell you what he/she relied on to form his/her opinion[s]. The material being referred to is not evidence in this case and may not be considered by you as evidence. You may consider the material for the purpose of deciding what weight, if any, you will give the opinions testified to by this witness.

Defendant's Proposed Instruction No. 23

Authority: Ill. Patt. Instr. 2.04

Corresponds with Plaintiff's Instruction: n/a

Agreed: _____ Not Agreed: _____ Agreed with modifications: _____

Given_____ Refused_____ Given_____ Refused_____

**INSTRUCTION NO. ___**

**Burden of Proof on the Issues—Affirmative Defenses**

Plaintiff has the burden of proving each of the following propositions:

First, that CBS Corporation acted or failed to act in one of the ways claimed by Plaintiff as stated to you in these instructions and that in so acting, or failing to act, CBS Corporation was negligent;

Second, that Decedent was injured;

Third, that the negligence of CBS Corporation was a proximate cause of the injury to Decedent.

In this case CBS Corporation has asserted the following affirmative defenses:

That Decedent's illness was caused by other parties over whom CBS Corporation could not exercise control, and those parties are the sole proximate cause of Decedent's illness;

That Plaintiff's claim is time-barred because CBS Corporation was involved in the design of the product at issue, the product at issue was an improvement to real property, and 10 years have elapsed from the time of CBS Corporation's involvement in the design of the product.

CBS Corporation has the burden of proving its affirmative defenses.

If you find from your consideration of all the evidence, that any one of the propositions Plaintiff is required to prove has not been proved, or that any one of CBS Corporation's affirmative defenses has been proved, then your verdict shall be for CBS Corporation. If, on the other hand, you find from your consideration of all the evidence that each of the propositions required of Plaintiff has been proved and that none of CBS Corporation's affirmative defenses have been proved, then your verdict shall be for Plaintiff.

Defendant's Proposed Instruction No. 30

Authority: Ill. Patt. Instr. B21.03 (modified as to affirmative defense - 735 ILCS 5/13-214 (construction statute of repose) and *Nolan v. Weil-McLain*, 233 Ill. 2d 416 (Ill. 2009) (sole proximate cause)).

Corresponds with Plaintiff's Instruction: No. 8.

Agreed: _____ Not Agreed: _____ Agreed with modifications: _____

Given_____ Refused_____

**INSTRUCTION NO. ___**

**Burden of Proof on the Issues—Asbestos**

Plaintiff has the burden of proving, by a preponderance of the evidence, the following:

(1) That Decedent had an asbestos-related illness, disease, or condition;

(2) Decedent was exposed to asbestos-containing products manufactured by Defendant CBS Corporation; and

(3) The exposure to asbestos-containing products manufactured by CBS Corporation was a substantial factor in causing Decedent's illness, disease, or condition.

Defendant's Proposed Instruction No. 31

Authority: Non-pattern. *See Thacker v. UNR Indus., Inc.*, 151 Ill.2d 343, 603 N.E.2d 449 (Ill. 1992); *see also Nolan v. Weil-McLain*, 233 Ill.2d 416, 910 N.E.2d 549 (Ill. 2009).

Corresponds with Plaintiff's Instruction: n/a

Agreed: _____ Not Agreed: _____ Agreed with modifications: _____

Given_____ Refused_____

**INSTRUCTION NO. ____**

**Proximate Cause**

In order to be a proximate cause of Plaintiff's injuries, Plaintiff must prove that there is more than minimum contact with CBS Corporation's products so as to establish that a specific product was a substantial factor in being a cause in fact of the Plaintiff's injury. This exposure must be frequent, regular, and proximate.

Defendant's Proposed Instruction No. 35

Authority: Non-Pattern. *See Thacker v. UNR Industries, Inc.*, 151 Ill.2d 343, 603 N.E.2d 449 (ll. 1992); *see also Nolan v. Weil-McLain*, 233 Ill.2d 416, 910 N.E.2d 549 (Ill. 2009).

Corresponds with Plaintiff's Instruction: n/a

Agreed: _____ Not Agreed: _____ Agreed with modifications: _____

Given_____ Refused_____

## INSTRUCTION NO. ___

**Proximate Cause—Warnings**

To show proximate cause as to a failure to warn claim, Plaintiff must show that the presence of the warnings and instructions that Plaintiff claims should have been given by CBS Corporation would have prevented Plaintiff's damages had they been given. In doing so, Plaintiff must specify the particular suggested warning that Plaintiff claims should have been given by CBS Corporation.

Defendant's Proposed Instruction No. 36

Authority: Non-pattern. *See Broussard v. Houdaille Indus., Inc.*, 183 Ill. App. 3d 739, 539 N.E.2d 360 (Ill. Ct. App. 1st Dist. 1989); *see also Kirstein v. W.M. Barr & Co., Inc.*, 983 F. Supp. 753, 762 (N.D. Ill. 1997); *Koken v. Black & Veatch Const., Inc.*, 426 F.3d 39 (1st Cir. 2005); *Cutan v. Hitachi Koki USA, Ltd.*, No. 06-CV-3898 (RRM) (CLP), 2009 WL 3334364 (E.D.N.Y. Oct. 15, 2009).

Corresponds with Plaintiff's Instruction: n/a

Agreed: _____    Not Agreed: _____   Agreed with modifications: _____

Given_____   Refused_____

## INSTRUCTION NO. \_\_\_\_

**Sophisticated Purchaser**

As to Plaintiff's claim that CBS Corporation breached a duty to warn Mr. Pelke of asbestos-related health hazards, I charge you that even a manufacturer of a hazardous product owes no duty to warn the employees of a purchaser of its product if the employer: 1) was, itself, aware of the hazard; and 2) directed or controlled the manner and method of the employee's use of the product. Rather, under such circumstances, the duty to warn and protect the employee rests solely with the knowledgeable employer and, if it fails in that duty, the employer's own negligence becomes the sole and superseding cause of the employee's injury. An employer or premises owner owes a non-delegable duty to provide a safe workplace to persons employed on its behalf.

Defendant's Proposed Instruction No. 37

Authority: Non-Ill. Patt. Instr. *Jackson v. Reliable Paste & Chem. Co.*, 136 Ill. App. 3d 766, 771 (5th Dist. 1985) *Brannon v. Southern Ill. Hosp. Corp.*, 69 Ill. App. 3d 1, 9 (5th Dist. 1978); *Lambert v. B.P. Prods. N.A.*, 2006 WL 924988 at *2 (S.D. Ill. Apr. 6, 2006); *Cruz v. Texaco, Inc.*, 589 F. Supp. 777 (S.D. Ill. 1984); *McClain v. NRM Corp.*, 558 F. Supp. 1297, 1300 (N.D. Ill. 1983).

Corresponds with Plaintiff's Instruction: n/a

Agreed: \_\_\_\_\_    Not Agreed: \_\_\_\_\_    Agreed with modifications: \_\_\_\_\_

Given_____    Refused_____

**INSTRUCTION NO. _____**

**Concurrent Negligence Other than Defendant's**

More than one person may be to blame for causing an injury. If you decide that CBS Corporation was negligent and that its negligence was a proximate cause of injury to Plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame.

However, if you instead decide that the sole proximate cause of injury to Plaintiff was the conduct of some person or causative factor other than CBS Corporation, then your verdict should be for CBS Corporation.

Defendant's Proposed Instruction No. 38

Authority: Ill. Patt. Instr. 12.04 (modified by *its* and *instead* and *or causative factor*); *see Ready v. United/Goedecke Servs.*, 238 Ill.2d 582, 591 (Ill. 2010); *Nolan v. Weil-McLain*, 233 Ill.2d 416 (Ill. 2009).

Corresponds with Plaintiff's Instruction: No. 5.

Agreed: _____ Not Agreed: _____ Agreed with modifications: _____

Given_____ Refused_____

# INSTRUCTION NO. ___

**Substantial Factor**

To establish causation as to CBS Corporation, Plaintiff must show that Decedent was exposed to a CBS Corporation product containing asbestos, and his exposure to that product was a substantial factor in causing his illness.

Defendant's Proposed Instruction No. 39

Authority: Non-pattern. *See Thacker v. UNR Indus., Inc.*, 151 Ill.2d 343, 354, 603 N.E.2d 449 (Ill. 1992); *see also Nolan v. Weil McLain*, 233 Ill.2d 416, 910 N.E.2d 549 (Ill. 2009)

Corresponds with Plaintiff's Instruction: n/a

Agreed: _____ Not Agreed: _____ Agreed with modifications: _____

Given_____ Refused_____

## INSTRUCTION NO. \_\_\_

**Substantial Factor**

To Prove that CBS Corporation products were a substantial factor in causing Decedent's injury, Plaintiff must establish more than minimal, infrequent exposure to a CBS Corporation product. Plaintiff must prove that Decedent regularly worked in an area where a CBS Corporation product that contained asbestos was frequently used and that he worked sufficiently close to this area so as to come into contact with the CBS Corporation product at issue.

Defendant's Proposed Instruction No. 40

Authority: Non-pattern. *See Thacker v. UNR Indus., Inc.*, 151 Ill.2d 343, 354, 603 N.E.2d 449 (Ill. 1992); *see also Nolan v. Weil McLain*, 233 Ill.2d 416, 910 N.E.2d 549 (Ill. 2009)

Corresponds with Plaintiff's Instruction: n/a

Agreed: _____    Not Agreed: _____    Agreed with modifications: _____

Given_____    Refused_____

## INSTRUCTION NO. ___

**Substantial Factor – Considerations**

If you believe Plaintiff has established by a preponderance of the evidence that any CBS Corporation product to which Decedent was exposed contained asbestos, then in considering whether exposure to that CBS Corporation product was a substantial factor in causing Decedent's illness, you should consider" the expanse of Decedent's workplace; the type of asbestos used in the CBS Corporation product and its aerodynamic qualities; the extent, frequency, and duration of time Decedent was exposed to the CBS Corporation product; the way in which the CBS Corporation product's asbestos was used; and medical evidence relating to Decedent's specific illness.

Defendant's Proposed Instruction No. 41

Authority: Non-pattern. *See Thacker v. UNR Indus., Inc.*, 151 Ill.2d 343, 354, 603 N.E.2d 449 (Ill. 1992)

Corresponds with Plaintiff's Instruction: n/a

Agreed: _____ Not Agreed: _____ Agreed with modifications: _____

Given_____ Refused_____

## INSTRUCTION NO. ___

**Contributory Negligence—Adult—Definition**

When I use the expression "contributory negligence," I mean negligence on the part of Decedent Frank Pehlke, Jr. that proximately contributed to cause his death.

Defendant's Proposed Instruction No. 42

<u>Authority:</u> Ill. Patt. Instr. 11.01

Corresponds with Plaintiff's Instruction: n/a

Agreed: _____  Not Agreed: _____  Agreed with modifications: _____

Given_____  Refused_____

## INSTRUCTION NO. ___

**No Need to Consider Damages Instruction**

If you decide for Defendant CBS Corporation on the question of liability, then you should not consider the question of damages.

Defendant's Proposed Instruction No. 43

<u>Authority:</u> 7th Cir. Civil Instructions 1.31 (previously submitted as Ill. Patt. Instr. 36.01)

Corresponds with Plaintiff's Instruction: n/a

Agreed: _____ Not Agreed: _____ Agreed with modifications: _____

Given_____ Refused_____

**INSTRUCTION NO. ___**

**Wrongful Death Case—Discount of Future Damages**

If you find for Plaintiff, then in assessing damages you may consider how long Plaintiff Luella Pehlke will be likely to sustain pecuniary losses as a result of Decedent Frank Pehlke, Jr.'s death, considering how long Frank Pehlke, Jr. was likely to have lived and how long Luella Pehlke is likely to live.

In calculating the amount of these pecuniary losses consisting of money, benefits, goods or services, you must determine their present cash value. "Present cash value" means the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those pecuniary losses at the times in the future when they will be sustained.

Damages for [loss of society] are not reduced to present cash value.

Defendant's Proposed Instruction No. 48

<u>Authority:</u> Ill. Patt. Instr. 31.12

Corresponds with Plaintiff's Instruction: No. 11.

Agreed: _____ Not Agreed: _____ Agreed with modifications: _____

Given_____ Refused_____

**INSTRUCTION NO. ___**

**Damages—Survival Action**

If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate the estate for any of the following elements of damages proved by the evidence to have resulted from the [negligence] [wrongful conduct] of the defendant during the period between the time of the decedent's injuries and the time of his death, taking into consideration the nature, extent, and duration of the injury:

[*Here insert the elements of damages which have a basis in the evidence.*]

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Defendant's Proposed Instruction No. 49

<u>Authority:</u> Illinois Patt. Instr. 31.10

Corresponds with Plaintiff's Instruction: No. 9.

Agreed: _____ Not Agreed: _____ Agreed with modifications: _____

Given_____ Refused_____

**INSTRUCTION NO. ___**

**Measure of Damages—Injury to Spouse or Family Member**

      If you decide for Plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate her for any of the following elements of damages arising out of injuries to her proved by the evidence to have resulted from the negligence of CBS Corporation.

      The reasonable expense of necessary medical care, treatment and services received by her husband [and the present cash value of the reasonable expense of necessary medical care, treatment and services reasonably certain to be received in the future.]

      The reasonable value of the services of her husband of which she has been deprived [and the present cash value of the services of his wife of which he is reasonably certain to be deprived in the future].

      The reasonable value of the society, companionship and sexual relationship with her husband of which she has been deprived [and the society, companionship and sexual relationship with her husband of which she is reasonably certain to be deprived in the future].

      Whether any of these elements of damages has been proved by the evidence is for you to determine.

Defendant's Proposed Instruction No. 50

Authority: Illinois Patt. Instr. 32.01, 32.02, 32.03, 32.04

Corresponds with Plaintiff's Instruction: n/a

Agreed: _____   Not Agreed: _____   Agreed with modifications: _____

Given_____ Refused_____

**INSTRUCTION NO. \_\_\_**

**Damages Arising in the Future—Extent and Amount**

     If you find that Plaintiff is entitled to damages arising in the future [because of (loss of society) (or) (loss of companionship and sexual relations)], you must determine the amount of these damages which will arise in the future.

     [If these damages are of a continuing nature, you may consider how long they will continue.] [If these damages are permanent in nature, then in computing these damages you may consider how long the Plaintiff is likely to live.]

Defendant's Proposed Instruction No. 51

Authority: Illinois Patt. Instr. 34.01

Corresponds with Plaintiff's Instruction: n/a

Agreed: _____   Not Agreed: _____   Agreed with modifications: _____

Given_____   Refused_____

## INSTRUCTION NO. \_\_\_

**Damages Arising in the Future—Discount to Present Cash Value**

In computing the damages arising in the future [because of future (medical) (caretaking) expenses] [or] [because of the loss of (future earnings) (benefits) (or) (services)] you must determine their present cash value. "Present cash value" means the sum of money needed now, which, when added to what that sum may reasonably be expected to earn in the future, will equal the amount of the [expenses] [and] [earnings] [benefits] at the time in the future when [the expenses must be paid] [or] [the earnings (benefits) would have been received].

Damages for [pain and suffering] [disability] [loss of a normal life] [and] [disfigurement] [loss of (society) (companionship) (and) (sexual relations)] are not reduced to present cash value.

Defendant's Proposed Instruction No. 52

Authority: Ill. Patt. Instr. 34.02

Corresponds with Plaintiff's Instruction: n/a

Agreed: \_\_\_\_\_  Not Agreed: \_\_\_\_\_  Agreed with modifications: \_\_\_\_\_

Given_____  Refused_____

**INSTRUCTION NO. \_\_\_**

**Instructions on Use of Verdict Forms—Negligence Only—Single Plaintiff and Defendant**

Your verdict must be unanimous.

Forms of verdicts are supplied with these instructions. After you have reached your verdict, fill in and sign the appropriate form of verdict and return it to the court. Your verdict must be signed by each of you. You should not write or mark upon this or any of the other instructions given to you by the court.

If you find for Plaintiff Luella Pehlke and against Defendant CBS Corporation and if you further find that Decedent Frank Pehlke, Jr. was not contributorily negligent, then you should use Verdict Form A.

If you find for Plaintiff Luella Pehlke and against CBS Corporation and if you further find that Plaintiff's injury was proximately caused by a combination of CBS Corporation's negligence and Decedent Frank Pehlke's contributory negligence, then you should use Verdict Form B.

IF you find for CBS Corporation and against Plaintiff Luella Pehlke, then you should use Verdict Form C.

Defendant's Proposed Instruction No. 53

Authority: Ill. Patt. Instr. B.45.01 (modified by Ill. Patt. Instr. 12.04 and  *Ready v. United/Goedecke Servs.*, 238 Ill.2d 582, 591 (Ill. 2010)

Corresponds with Plaintiff's Instruction: No. 14

Agreed: \_\_\_\_\_   Not Agreed: \_\_\_\_\_   Agreed with modifications: \_\_\_\_\_

Given_____   Refused_____

## VERDICT FORM A

We, the jury, find for the Estate of Frank Pehlke, Jr., deceased, and against CBS Corporation.

We further find the following:

First: We find that the total amount of damages suffered by the Estate of Frank Pehlke, Jr., deceased, is $ _____, itemized as follows:

[Loss of money, benefits, goods and services]: _____

[Grief, sorrow and mental suffering]: _____

[Loss of society] and [loss of sexual relations]: _____

[(Other damages: insert from 30.04, 30.04.01, 30.05,
30.05.01, 30.06, 30.07, 30.09 or as applicable)] _____

PLAINTIFF'S TOTAL DAMAGES

[*Signature Lines*]

Defendant's Proposed Instruction No. 53 – Form A

Authority: Ill. Patt. Instr. B.45.04A

Corresponds with Plaintiff's Instruction: No. 15.

Agreed: _____ Not Agreed: _____ Agreed with modifications: _____

Given_____ Refused_____

## VERDICT FORM B

We, the jury, find for the Estate of Frank Pehlke, Jr., deceased and against CBS Corporation.

We further find the following:

First: We find that the total amount of damages suffered by the Estate of Frank Pehlke, Jr., deceased, is $_____itemized as follows:

[Loss of money, benefits, goods, and services];

[Grief, sorrow and mental suffering];

[Loss of society] and [loss of sexual relations];

[Medical and funeral expenses under Family Expense Act];

[(Other damages: insert from 30.04, 30.04.01, 30.05, 30.05.01, 30.06, 30.07, 30.09 or as applicable)]

PLAINTIFF'S TOTAL DAMAGES

Second: Assuming that 100% represents the total combined responsibility of all persons or entities whose responsibility proximately caused the death of Decedent, we find the percentage of responsibility attributable to each as follows:

    a.  Decedent        _____%

    b.  Defendant        _____%

Third: After reducing the plaintiff's total damages from paragraph "First" by the percentage of [negligence] [[(other damage reducing defense)]] if any, of Decedent from line (a) in paragraph "Second," we award Plaintiff recoverable damages in the amount of $ _____.


[*signature lines*]

Defendant's Proposed Instruction No. 53 – Form B

<u>Authority:</u> Ill. Patt. Instr. B.45.04B

Corresponds with Plaintiff's Instruction: No. 16.

Agreed: _____ Not Agreed: _____ Agreed with modifications: _____

Given_____ Refused_____

**VERDICT FORM C**

We, the jury, find for CBS Corporation and against Plaintiff Luella Pehlke.

[*Signature Lines*]

Defendant's Proposed Instruction No. 53 – Form C

<u>Authority:</u> Ill. Patt. Instr. B.45.01C

Corresponds with Plaintiff's Instruction: No. 17.

Agreed: _____  Not Agreed: _____  Agreed with modifications: _____

Given_____ Refused_____

**INSTRUCTION NO. \_\_\_**

**Social Media – At Close of the Case**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case, [which includes posting or sharing anything about the case or trial to social media]. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, [Instagram], or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Defendant's Proposed Instruction No. 56

Authority: *See* Committee on Court Administration and Case Management of the Judicial Conference of the United States, Memorandum: Juror Use of Electronic Communication Technologies (2010). [modifications indicated in brackets].

Corresponds with Plaintiff's Instruction: n/a

Agreed: \_\_\_\_\_ Not Agreed: \_\_\_\_\_ Agreed with modifications: \_\_\_\_\_

Given_____ Refused_____

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system and is available for viewing and downloading from the CM/ECF system.  The forgoing documents was served upon all counsel of record via the CM/ECF system on this 28th day of September, 2016.


_____ */s/ William C. Foote*_____