UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUELLA PEHLKE, Individually and as Special Administrator of the Estate of FRANK PEHLKE, Deceased,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CBS Corporation,<br><br>　　　　　Defendant. | Case No.: 12−cv−00596<br><br>Honorable Virginia M. Kendall |

**Plaintiff's Second Supplemental Pretrial Brief – 9/30/16**

　　　　Plaintiff files this second supplemental brief to put in writing Plaintiff's position orally stated on new matters that arose during the hearing on September 29, 2016.

**Plexus environmental report**

　　　　Defendant asserted in the supplemental briefing FRE 803(8) (public records) as the basis for overcoming hearsay objections to the 1996 and 1997 environmental surveys at the Joliet Arsenal. (Doc #117.) At argument defendant asserted the additional hearsay objection of FRE 803(6) (regularly conducted activity). Rule 803(6) is not applicable since the activity is not established as "routine" for 1) the personnel from Plexus who created the report or 2) for the participants who served as sources of information (interviews and documents) relied upon by Plexus in creating the report.

　　　　The creation of an environmental survey is unique to the circumstances of the Joliet Arsenal and not a regular activity of Plexus. The persons at Plexus who conducted the

interviews, reviewed the documents, and wrote the report have to been identified to know their experience in making the activity of preparing he report routine. Assuming the Court were to find the survey to be a regularly conducted activity for the Plexus personnel, FRE 803(6) requires that the participants who provide information to Plexus for the environmental survey also be doing so as part of an activity regularly conducted by the informant. The 1972 Committee Notes highlight this requirement, citing several cases, and using police reports as an example. The Notes state: "An illustration is the police report incorporating information from a bystander; the officer qualifies as acting in the regular course of business, but the informant does not." The same concern applies to the many persons who Plexus interviewed to prepare the Joliet Arsenal report and to the authors of the documents reviewed and relied upon by Plexus in preparing the report. No showing has been made by CBS that those persons are regularly involved in the activity of environmental assessment at Joliet Arsenal. No showing is made the documents relied upon by Plexus arise from a regularly conducted activity.

**Plaintiff's MIL #6 – demonstrative switchgear videos**

During the hearing on September 29, 2016 on this motion, CBS argued the video includes non-maintenance activities. Plaintiff promised at the hearing to remove portions of the video footage which are not maintenance. Plaintiff counsel reviewed the video after the hearing and will re-edit the footage. Plaintiff will take out the non-maintenance footage and provide the new footage to CBS counsel and the Court by Tuesday, October 4. Plaintiff also confirmed Mr. Huttner will be at trial to provide any additional foundation needed about relevance of the pieces of equipment in the video in demonstrating his testimony on maintenance practices relating to

arc chutes, separator plates, and other insulation materials. At the *Daubert* hearing, Huttner testified the procedures in the videos were substantially similar or representative of the practices.

Dated: September 30, 2016

 /s/ Daniel B. Hausman

Attorney for Plaintiff

Daniel B. Hausman
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
dhausman@cvlo.com

**Certificate of Service**

I hereby certify that on September 30, 2016, I caused the forgoing to be electronically filed with the United States District Court for the Northern District of Illinois using the CM/ECF system which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.

Dated: September 30, 2016

  /s/ Daniel B. Hausman_____

Attorney for Plaintiff

Daniel B. Hausman
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
dhausman@cvlo.com